UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLIS ELWOOD MALPASS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-1368-HEA |
| | ) |
| N. GLORE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Carlis Elwood Malpass, Jr., a pretrial detainee at the St. Francois County Jail,[1] for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $6.12. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny without prejudice plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

---

[1] Review of publicly-available records on Missouri Case.net, the State of Missouri's online docketing system, shows plaintiff is currently facing criminal charges in St. Francois County Circuit Court. *See State v. Malpass*, No. 19SF-CR00368-01 (24th Jud. Cir. 2019). At present, plaintiff is represented by counsel, and trial is set for February 3, 2021. This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $30.62, and an average monthly balance of $27.21. The Court will therefore assess an initial partial filing fee of $6.12, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against law enforcement officers N. Glore and Gerry Allen, and against the St. Francois County Sheriff's Department and the Bonne Terre Police Department. He sues the individual defendants in their official and individual capacities. He prepared the complaint using the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, as required.

In setting forth the statement of claim, plaintiff alleges he "was assaulted by Police Officer Gerry Allen and K9-Unit from St. Francois County" on March 11, 2019 at a particular address in Bonne Terre, Missouri. Plaintiff alleges Allen shot him several times. He further alleges he was attacked by "K9" (an apparent reference to a police dog) as he lay on the ground. Plaintiff does not identify the reason for the March 11, 2019 encounter, he does not describe what occurred prior to the shooting or the police dog attack, and he does not describe any conduct attributable to Glore. Plaintiff does clearly describe suffering serious injuries. As relief, he seeks compensation for medical bills and time lost from work, as well as damages for mental and physical injuries. He also asks that "the officer involved" be relieved of his duties.

3

**Discussion**

The complaint is subject to dismissal. The St. Francois County Sheriff's Department and the Bonne Terre Police Department are not entities subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. App'x. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Plaintiff's official-capacity claims against Glore and Allen are also subject to dismissal. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff alleges Glore is employed by the St. Francois County Sheriff's Department, and Allen is employed by the Bonne Terre Police Department. As noted above, those entities are not considered legal entities subject to suit under § 1983. As an additional matter, the Court notes the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and a constitutional violation. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

The Court now turns to plaintiff's individual capacity claims against Allen and Glore. Plaintiff identifies Allen as a law enforcement officer, and states Allen shot him on March 11, 2019. Plaintiff neither explains the reason for his encounter with Allen, nor describes what happened prior to the shooting or the police dog attack. Instead, he alleges Allen "assaulted" him, which is a legal conclusion that is not entitled to the presumption of truth. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Regarding Glore, plaintiff simply names him as a defendant without alleging

4

any conduct attributable to him. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). Accordingly, the complaint fails to state a claim upon which relief may be granted against Allen or Glore.

It appears plaintiff may intend to bring a claim of excessive force against Allen and/or Glore under the Fourth Amendment, which "protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003). However, in this case, plaintiff alleges force was used against him without alleging facts permitting the inference that such force was excessive. Whether force is excessive under the Fourth Amendment requires a determination of whether the defendant officer's actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). Law enforcement officers have a right to use some degree of force to effect a lawful seizure, *Chambers v. Pennycook*, 641 F.3d  898, 907 (8th Cir. 2011), and "it is not constitutionally unreasonable to use deadly force if an officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others." *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019).

Plaintiff will be given the opportunity to file an amended complaint to clearly set forth his claims. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-

5

established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). As noted above, it is insufficient to simply identify a person as a defendant. Instead, plaintiff must explain the defendant's role in the alleged harm, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint

"is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff is advised he may not attempt to amend a complaint by filing supplements or other separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion seeking the appointment of counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent *pro se* litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. There is no indication at this point that this case is factually or legally complex or that plaintiff's claims involve information that is unavailable to him, or that he will be unable to investigate the facts. Also, the motion is premature, as no defendant has been served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

7

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $6.12 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his inmate registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

 Dated this 3rd  day of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE