UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLIS ELWOOD MALPASS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-1368-HEA |
| ) | |
| N. GLORE, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Carlis Elwood Malpass, Jr. For the reasons explained below, the Court will order that service of process be effected upon defendants Gerry Allen and Nathan Glore.

**Legal Standard**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Discussion

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Bonne Terre Police Officer Gerry Allen, and St. Francois County Sheriff's Deputy Nathan Glore. He sues the defendants in their individual capacities. He prepared the amended complaint using the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, as required.

The events giving rise to plaintiff's claims occurred on March 11, 2019 in Bonne Terre, Missouri, when Allen responded to a domestic disturbance at plaintiff's residence. Briefly, plaintiff alleges he ran away from Allen, and Allen chased him and shot him multiple times. Plaintiff further alleges that while he lay unconscious and bleeding on the ground, Glore caused his police patrol dog to attack him. Plaintiff suffered serious injuries.

Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes plaintiff has adequately stated plausible claims for relief against Allen and Glore. The Court will therefore require Allen and Glore to respond to the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to Officer Gerry Allen.  Officer Gerry Allen shall be served by issuance of summons and service by the U.S. Marshal's Service at the Bonne Terre Police Department, 118 North Allen Street, Bonne Terre, Missouri, 63628.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to Sheriff's Deputy Nathan Glore.  Deputy Nathan Glore shall be served by issuance of summons and service by the U.S. Marshal's Service at the St. Francois County Sheriff's Department, 1550 Doubet Road, Farmington, Missouri 63640.

Dated this 3rd day of  June, 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE